# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTWAUN YOUNG ) <br> ) <br> v. ) <br> ) <br> BUDDY SCHADT ) <br> and ) <br> JONES CHEMICALS, INC. a/k/a ) <br> JCI JONES CHEMICALS, INC. ) | **19   2291** |

## Notice of Removal

**FILED**
**MAY 23 2019**
KATE BARKMAN, Clerk
By_____ Dep. Clerk

To The United States District Court
For The Eastern District Of Pennsylvania:

The Defendants, Buddy Schadt and JCI Jones Chemicals, Inc. (incorrectly identified as Jones Chemicals, Inc. d/b/a JCI Jones Chemicals, Inc.), by and through the undersigned counsel, hereby files this Notice of Removal of the above-captioned action from the Court of Common Pleas of Philadelphia County, No. 190500142, where it is now pending, to the United States District Court for the Eastern District of Pennsylvania, pursuant to 28 U.S.C. §§1332, 1441 and 1446, and other applicable laws. In support of this removal, the defendant avers the following:

1. Attached as **Exhibit "A"** is a copy of the Plaintiff's Complaint in this action, which originated in the Court of Common Pleas of Philadelphia County, PA.

2. The complaint was filed on May 6, 2019 as indicated by the date stamp on said document.

3. The complaint was allegedly served on Defendant, Jones Chemcials a/k/a JCI Jones Chemicals, Inc. by certified mail on or about May 6, 2019.

4. Defendant, Buddy Schadt, resides at 77 Mulllock Road, Middletown, New York and is a citizen of the State of New York.

5. Defendant, JCI Jones Chemicals, Inc. is a New York Corporation with a principle place of business at 1765 Ringling Boulevard, Sarasota, Florida, 34236.

6. The Plaintiff is a resident and citizen of New Jersey, as averred in ¶ 1 of the Complaint.

7. Pursuant to the provisions of 28 U.S.C. 1446(b), the Defendants are filing this Notice of Removal within thirty (30) days of the date of service of the complaint.

8. Pursuant to 28 U.S.C. §1332(a), the United States District Court has original jurisdiction over this case if the citizenship of all parties is completely diverse and the amounts in controversy exceed $75,000.00, exclusive of interest and costs.

9. Defendants have a goof faith belief that the amount in controversy exceeds $75,000.

10. In terms of specific damages, Plaintiff, Antwaun Young pleads that he sustained serious and permanent injuries, including: unspecified internal injuries, and severe shock to his entire nervous system (¶20 of the Complaint), which resulted in loss of earnings and/ or earning capacity. (¶25).

11. Additionally, Plaintiff, Antwaun Young pleads that he sustained an aggravation and exacerbation of injuries in this motor vehicle accident (¶21)

12. Pursuant to 28 U.S.C. §1441(a), venue properly lies in the Eastern District of Pennsylvania.

13.  Pursuant to 28 U.S.C. §1446(d), the moving Defendants will simultaneously file a copy of this Notice of Removal with the Prothonotary of the Court of Common Pleas of Philadelphia County, and will serve a copy of same on all adverse parties.

WHEREFORE, the Defendants, Buddy Schadt and JCI Jones Chemicals, Inc., hereby remove this action, presently pending in the Court of Common Pleas of Philadelphia County, PA to the United States District Court for the Eastern District of Pennsylvania.

By: _____
John J. Hatzell, Jr., Esquire
Attorney for Defendant
PA I.D. # 38548
HADDIX AND ASSOCIATES
One Liberty Place – 39th Floor
1650 Market Street
Philadelphia, PA 19103
Phone:  (215) 255-6400
Fax:    (215) 933-3207
e-mail: John.Hatzell@AIG.com

# UNITED STATES DISTRICT COURT
## FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTWAUN YOUNG | ) |
| | ) |
| v. | ) |
| | ) |
| BUDDY SCHADT | ) |
| and | ) |
| JONES CHEMICALS, INC. a/k/a | ) |
| JCI JONES CHEMICALS, INC. | ) |

**FILED**

MAY 23 2019

KATE BARKMAN, Clerk
By_____Dep. Clerk

# Certificate of Service

I hereby certify that a true copy of the attached Notice of Removal was transmitted electronically upon the following counsel of record:

Steven L. Chung, Esquire
1515 Market Street, Suite 910
Philadelphia, PA 19102

By: _____
John J. Hatzell, Jr., Esquire
Attorney for Defendant
PA I.D. # 38548
HADDIX AND ASSOCIATES
One Liberty Place – 39th Floor
1650 Market Street
Philadelphia, PA 19103
Phone:  (215) 255-6400
Fax:    (215) 933-3207
e-mail: John.Hatzell@AIG.com

# EXHIBIT A

Plaintiff's Complaint

| Court of Common Pleas of Philadelphia County<br>Trial Division<br># Civil Cover Sheet | For Prothonotary Use Only (Docket Number)<br>**MAY 2019**   **000142**<br>E-Filing Number 1905012794 |
|---|---|
| PLAINTIFF'S NAME<br>ANTWAUN YOUNG | DEFENDANT'S NAME<br>BUDDY SCHADT |
| PLAINTIFF'S ADDRESS<br>1445 GREENWOOD AVENUE<br>CAMDEN NJ 08103 | DEFENDANT'S ADDRESS<br>77 MULLOCK ROAD<br>MIDDLETOWN NY 10940 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>JONES CHEMICALS, INC., ALIAS: JCI JONES CHEMICALS, INC. |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1765 RINGLING BOULEVARD<br>SARASOTA FL 34236 |
| PLAINTIFF'S NAME | DEFENDANT'S NAME |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS |

| TOTAL NUMBER OF PLAINTIFFS | TOTAL NUMBER OF DEFENDANTS | COMMENCEMENT OF ACTION | | |
|---|---|---|---|---|
| 1 | 2 | [X] Complaint   [ ] Petition Action   [ ] Notice of Appeal<br>[ ] Writ of Summons   [ ] Transfer From Other Jurisdictions | | |

| AMOUNT IN CONTROVERSY | COURT PROGRAMS | | | |
|---|---|---|---|---|
| [ ] $50,000 00 or less<br>[X] More than $50,000 00 | [ ] Arbitration<br>[ ] Jury<br>[X] Non-Jury<br>[ ] Other | [ ] Mass Tort<br>[ ] Savings Action<br>[ ] Petition | [ ] Commerce<br>[ ] Minor Court Appeal<br>[ ] Statutory Appeals | [ ] Settlement<br>[ ] Minors<br>[ ] W/D/Survival |

CASE TYPE AND CODE

2V - MOTOR VEHICLE ACCIDENT

STATUTORY BASIS FOR CAUSE OF ACTION

RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER)

FILED
PRO PROTHY

MAY 06 2019

A. SILIGRINI

IS CASE SUBJECT TO COORDINATION ORDER?   YES   NO

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: ANTWAUN YOUNG

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>STEVEN L. CHUNG | ADDRESS<br>STEVEN L. CHUNG<br>1515 MARKET STREET<br>SUITE 910<br>PHILADELPHIA PA 19102 |
|---|---|
| PHONE NUMBER                FAX NUMBER<br>(215) 688-5777           (215) 525-9785 | |
| SUPREME COURT IDENTIFICATION NO<br>78834 | E-MAIL ADDRESS<br>schung@paesquire.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>STEVEN CHUNG | DATE SUBMITTED<br>Monday, May 06, 2019, 03:01 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

STEVEN L. CHUNG, ESQUIRE, LLC
Steven L. Chung, Esquire
Identification No. 78834
1515 Market Street, Suite 910
Philadelphia, PA 19102

Filed and Attested by the
Office of Judicial Records
06 MAY 2019 03:01 pm
A. SILIGRINI

Attorney for Plaintiff

---

ANTWAUN YOUNG
1445 Greenwood Avenue
Camden, NJ 08103

           **Plaintiff**

    v

BUDDY SCHADT
77 Mullock Road
Middletown, NY 10940
and
JONES CHEMICALS, INC.
a/k/a JCI JONES CHEMICALS, INC.
1765 Ringling Boulevard
Sarasota, FL 34236

           **Defendant**

COURT OF COMMON PLEAS
PHILADELPHIA COUNTY

No. 1905 00142

## CIVIL ACTION - COMPLAINT

| NOTICE | AVISO |
|---|---|
| You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you. <br><br>**You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.**<br><br>Philadelphia County Bar Association<br>Lawyer Referral Legal and Information Service<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-1701 | Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.<br><br>Lleva esta demanda a un abogado inmediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede asegurar asistencia legal.<br><br>Asociacion de Licenciados<br>de Philadelphia County<br>Servicio de Referencia e<br>Informacion Legal<br>One Reading Center<br>Philadelphia, PA 19107<br>(215) 238-1701 |

STEVEN L. CHUNG, ESQUIRE, LLC  
Steven L. Chung, Esquire  
Identification No. 78834  
1515 Market Street, Suite 910  
Philadelphia, PA 19102

Attorney for Plaintiff

ANTWAUN YOUNG  
1445 Greenwood Avenue  
Camden, NJ 08103

          **Plaintiff**

  v.

BUDDY SCHADT  
77 Mullock Road  
Middletown, NY 10940  
and  
JONES CHEMICALS, INC.  
a/k/a JCI JONES CHEMICALS, INC.  
1765 Ringling Boulevard  
Sarasota, FL 34236  
          **Defendant**

COURT OF COMMON PLEAS  
PHILADELPHIA COUNTY

No. 190500142

## COMPLAINT

1. Plaintiff, Antwaun Young, is an adult individual and resides at 1445 Greenwood Avenue, Camden, NJ.

2. Defendant, Buddy Schadt, is an adult individual and resides at 77 Mullock Road, Middletown, NY.

3. Defendant, Jones Chemicals, Inc. a/k/a JCI Jones Chemicals, Inc. (hereinafter "Jones Chemicals, Inc."), is a business entity with a place of business located at 1765 Ringling Boulevard, Sarasota, FL. Upon information and belief, this defendant regularly conducts business in the county in which this action is filed.

4. The below described accident was caused solely by the negligence and carelessness of the Defendants and/or its agents, servants, workman and employee and was in no manner due to any act or omission on the party of the Plaintiff.

Case ID: 19050014

5. At all times material hereto, Defendant, Buddy Schadt, was the permissive driver of defendant, Jones Chemicals, Inc. a/k/a JCI Jones Chemicals, Inc., and was acting in the course and scope of his employment and defendant, Jones Chemical, Inc., is vicariously liable for the actions or failure to act of its agent, servant, workman or employee, Buddy Schadt.

6. On or about May 24, 2017, Plaintiff, Antwaun Young, was the occupant of a motor vehicle that was on US-22, Whitehall, PA, when his vehicle was rear-ended by a vehicle operated by defendant, Buddy Schadt, causing the Plaintiff to suffer severe and permanent injuries.

7. The above described accident was caused solely by the negligence and/or carelessness of the Defendant and was in no manner due to any act or omission on the part of the Plaintiff.

## COUNT I - Negligence
### Plaintiff, Antwaun Young v. Defendant, Buddy Schadt

8. Plaintiff, Antwaun Young, incorporates herein by reference the allegations contained in the above paragraphs as though the same were herein set forth at length.

9. The aforesaid accident was caused by the negligence and/or carelessness of the defendant, Buddy Schadt, which consisted, inter alia, of:

    a. operating the vehicle at an excessive rate of speed under the circumstances;

    b. failing to have the vehicle under proper and adequate control;

    c failing to apply the brakes in time to avoid a collision;

    d. failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

    e. operating the vehicle in a negligent and careless manner;

    f. failing to keep a reasonable lookout for other lawfully vehicles on the road;

    g failing to have the vehicle under proper and adequate control;

    h. failing to maintain a safe distance;

    i. rear-ending plaintiffs' vehicle.

Case ID: 19050014.

       j.    violating applicable provisions of the motor vehicle code of the Commonwealth of Pennsylvania and such other statutes and case law governing the operation of motor vehicles on the streets and highways.

10. As a direct and proximate result of the aforesaid negligence of defendant, Buddy Schadt, plaintiff, Antwaun Young, suffered severe and permanent injuries to the body.

11. As a direct and proximate result of the aforesaid negligence of defendant, Buddy Schadt, plaintiff, Antwaun Young, suffered internal injuries of an unknown nature, suffered severe aches, pains and anguish and a severe shock to the entire nervous system and other injuries the full extent of which is not yet known.

12. As a direct and proximate result of the aforesaid negligence of defendant, Buddy Schadt, plaintiff, Antwaun Young, sustained an aggravation and exacerbation of injuries both known and unknown. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and affairs, all to his great financial detriment and loss.

13. As a direct and proximate result of the aforesaid negligence of defendant, Buddy Schadt, plaintiff, Antwaun Young, has been compelled in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future

14. As a direct and proximate result of the aforesaid negligence of defendant, Buddy Schadt, plaintiff, Antwaun Young, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

15 As a direct and proximate result of the aforesaid negligence of defendant, Buddy Schadt, plaintiff, Antwaun Young, has suffered physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite period of time in the future.

16. As a direct and proximate result of the aforesaid negligence of defendant, Buddy Schadt, plaintiff, Antwaun Young, has suffered lost wages.

**WHEREFORE**, plaintiff, Antwaun Young, demands judgment in her favor and against defendant(s), in a sum in excess of Fifty Thousand Dollars ($50,000) plus costs, delay damages, pre and post judgment interest, attorney fees, and all other relief provided by law.

## COUNT II - Negligence
### Plaintiff, Antwaun Young v. Defendant, Jones Chemicals, Inc.

17. Plaintiff, Antwaun Young, incorporates herein by reference the allegations contained in the above paragraphs as though the same were herein set forth at length.

18. The aforesaid accident was caused by the negligence and/or carelessness of the defendant, Jones Chemicals, Inc., and/or its agent, servant, workman or employee which consisted, inter alia, of:

   a. operating the vehicle at an excessive rate of speed under the circumstances;

   b. failing to have the vehicle under proper and adequate control;

   c. failing to apply the brakes in time to avoid a collision;

   d. failing to operate the vehicle in accordance with existing traffic conditions and traffic controls;

   e. operating the vehicle in a negligent and careless manner;

   f. failing to keep a reasonable lookout for other lawfully vehicles on the road;

   g. failing to have the vehicle under proper and adequate control;

   h. failing to maintain a safe distance;

   i. rear-ending plaintiffs' vehicle.

   j. violating applicable provisions of the motor vehicle code of the Commonwealth of Pennsylvania and such other statutes and case law governing the operation of motor vehicles on the streets and highways.

19. As a direct and proximate result of the aforesaid negligence of defendant, Jones Chemicals,

Inc., plaintiff, Antwaun Young, suffered severe and permanent injuries to the body.

20. As a direct and proximate result of the aforesaid negligence of defendant, Jones Chemicals, Inc., plaintiff, Antwaun Young, suffered internal injuries of an unknown nature, suffered severe aches, pains and anguish and a severe shock to the entire nervous system and other injuries the full extent of which is not yet known.

21. As a direct and proximate result of the aforesaid negligence of defendant, Jones Chemicals, Inc., plaintiff, Antwaun Young, sustained an aggravation and exacerbation of injuries both known and unknown. He has in the past and will in the future undergo severe pain and suffering as a result of which he has been in the past and will in the future be unable to attend to his usual duties and affairs, all to his great financial detriment and loss.

22. As a direct and proximate result of the aforesaid negligence of defendant, Jones Chemicals, Inc., plaintiff, Antwaun Young, has been compelled in order to effectuate a cure for the aforesaid injuries, to expend large sums of money for medicine and medical attention and may be required to expend additional sums for the same purpose in the future.

23. As a direct and proximate result of the aforesaid negligence of defendant, Jones Chemicals, Inc., plaintiff, Antwaun Young, has been prevented from attending to his usual daily activities and duties, and may be so prevented for an indefinite period of time in the future, all to his great detriment and loss.

24. As a direct and proximate result of the aforesaid negligence of defendant, Jones Chemicals, Inc., plaintiff, Antwaun Young, has suffered physical pain and mental anguish and humiliation and may continue to suffer the same for an indefinite period of time in the future.

25. As a direct and proximate result of the aforesaid negligence of defendant, Jones Chemicals, Inc., plaintiff, Antwaun Young, has suffered lost wages

Case ID: 19050014

WHEREFORE, plaintiff, Antwaun Young, demands judgment in her favor and against defendant(s), in a sum in excess of Fifty Thousand Dollars ($50,000) plus costs, delay damages, pre and post judgment interest, attorney fees, and all other relief provided by law.

STEVEN L. CHUNG, ESQUIRE, LLC

BY: _____/S/_____
Steven L. Chung, Esquire
**Attorney for Plaintiffs**

Case ID: 190500143

## VERIFICATION

I, _Antwaun Young_, deposes and says that the statements made in the attached _Complaint_ are true and correct, and understands that false statements herein are made subject to the penalties of 18 Pa.C.S. § 4904, relating to unsworn falsification to authorities

_/s/ A. Y._

Date: _5/6/19_

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

5:19-cv-2291

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
ANTWAUN YOUNG

**DEFENDANTS**
BUDDY SCHADT AND JONES CHEMICALS, INC. a/k/a
JCI JONES CHEMICALS, INC.

**(b)** County of Residence of First Listed Plaintiff   Camden County, NJ
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Orange County, NY
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Steven L. Chung, Esquire / Steven L. Chung, LLC
11515 Market Street, Suite 910, Philadelphia, PA
(215) 688-5777

Attorneys *(If Known)*
John J. Hatzell, Jr., Esquire / Haddix and Associates
1650 Market Street, 39th Fl, Philadelphia, PA
(215) 255-6400

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☒ 2 | ☒ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC Secs 1332, 1441 and 1446

Brief description of cause:
Plaintiff claims he was injured in a motor vehicle accident.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____    DOCKET NUMBER _____

DATE
05/23/2019

SIGNATURE OF ATTORNEY OF RECORD

MAY 23 2019

**FOR OFFICE USE ONLY**

RECEIPT #   AMOUNT   APPLYING IFP   JUDGE   MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**19   2291**

## DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: Antwaun Young, 1445 Greenwood Ave., Camden, NJ 08103

Address of Defendant: Jones Chemicals, Inc., 1765 Ringling Blvd, Sarasota, FL 34235, Buddy Schadt, 77 Mullock Road, Middletown, NY 19040

Place of Accident, Incident or Transaction: US-22, Whitehall, PA

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?  Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?  Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?  Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/23/2019              _____              38548
                              *Attorney-at-Law / Pro Se Plaintiff*              *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.  Federal Question Cases:**

☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2.  FELA
☐ 3.  Jones Act-Personal Injury
☐ 4.  Antitrust
☐ 5.  Patent
☐ 6.  Labor-Management Relations
☐ 7.  Civil Rights
☐ 8.  Habeas Corpus
☐ 9.  Securities Act(s) Cases
☐ 10. Social Security Review Cases
☐ 11. All other Federal Question Cases
       *(Please specify)* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1.  Insurance Contract and Other Contracts
☐ 2.  Airplane Personal Injury
☐ 3.  Assault, Defamation
☐ 4.  Marine Personal Injury
☑ 5.  Motor Vehicle Personal Injury
☐ 6.  Other Personal Injury *(Please specify)* _____
☐ 7.  Products Liability
☐ 8.  Products Liability – Asbestos
☐ 9.  All other Diversity Cases
       *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _____, counsel of record *or* pro se plaintiff, do hereby certify

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought.

MAY 23 2019

DATE _____  _____  _____
                       *Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38

Civ 609 (5/2018)



APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| ANTWAUN YOUNG | : | CIVIL ACTION |
| v. | : | |
| BUDDY SCHADT AND JONES CHEMICALS, INC. A/K/A JCI CHEMICALS, INC. | : | NO. 19  2291 |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (✓)

| 5/23/19 | _(signature)_ | DEFENDANTS |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-255-6400 | 215-933-3207 | john.hatzell@aig.com |
| Telephone | FAX Number | E-Mail Address |

(Civ. 660) 10/02

MAY 23 2019